HOWARD REED, RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted July 6, 1916—Decided December 14, 1916.

NOTE.—This opinion was not printed in its regular order, when filed, because it was marked as a memorandum, which are not printed in the law reports unless special directions are received.—REPORTER.

---

Where a judgment has been reversed by an appellate court, and a new trial awarded, where the reversal in on account of error by the trial court, and such reversal does not finally determine any issue between the parties, costs should not be awarded at law in the appellate court.

On motion for award of costs.

Before Justices GARRISON, PARKER and BERGEN.

For the appellant, *George H. Blake* and *Joseph Coult, Jr.*

The opinion of the court was delivered by

PARKER, J.   Judgment for plaintiff in the District Court having been reversed here and a new trial directed, by reason of errors in the charge to the jury prejudicial to defendant, said defendant asks an award of costs in this court.

By force of the statutes of 1910 (*Pamph. L., p.* 211) and 1911 (*Pamph. L., p.* 756) the prevailing party is entitled to costs except where otherwise provided by law, or unless we shall otherwise order.   *Lynch* v. *Public Service Railway Co.,* 83 *N. J. L.* 783.   But by that decision, also, the Court of Errors and Appeals adopted as the guide of its discretion the rule in *Lehigh Valley Railroad Co.* v. *McFarland,* 44 *Id.* 674, that where the reversal is on account of error committed by the trial court, and does not finally determine any issue between the parties, costs should not be awarded at law in the appellate court.

It is true that the matter is within our discretion.   *Rosenkranz* v. *Wolf,* 87 *N. J. L.* 211.   But we see no reason for departing in this instance from the rule approved by the higher court in the Lynch case.

Counsel cites to us another case, unreported, in which costs were allowed to appellant here, although a new trial was directed.   In that case there was in the first place a rule awarding costs and then an application to vacate such order, and this court, on considering the circumstances of the case, concluded to let the costs stand.   So far from laying down any general rule for such cases, this one was plainly an exception.

In the case at bar, we see no reason for departing from the general rule of refusing costs on an appeal that does not finally determine any issue contested between the parties. The application is therefore denied.