ANTONINA KATANEKSKA, ADMINISTRATRIX OF THE ESTATE OF STEFAN KOCHANOWICH, DECEASED, PLAINTIFF-APPELLANT. v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT-APPELLEE.

Submitted January term, 1941—Decided April 8, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the appellant, *Isaac Seiler* (*Alfred Brenner,* of counsel).

For the appellee, *Drewen & Nugent.*

The opinion of the court was delivered by

PERSKIE, J.   It is conceded for defendant that the trial judge fell into reversible error in granting its motion for a directed verdict against plaintiff.   The sole question is whether the reversal should be with costs or whether it should be with the legend that the costs should abide the re-trial of the case.

The applicable law is settled.   The prevailing party in an action, motion or proceeding in the courts of law of this state is entitled to costs unless otherwise provided by law and unless the court or justice or judge before which or whom such action, motion or proceeding shall be taken shall order

otherwise. *R. S.* 2:27-378. In construing this statute, we have held that allowance or disallowance of costs is "within our discretion." *Rosenkranz* v. *Wolf,* 87 *N. J. L.* 211; 93 *Atl. Rep.* 584. The exercise of that discretion depends upon the facts of each case. And where, as here, a judgment is reversed by an appellate court, and a new trial is granted for error by the trial judge, and such reversal does not finally determine any contested issue between the parties, costs should not be awarded at law in the appellate court. *Reed* v. *Public Service Railway Co.,* 98 *N. J. L.* 356; 126 *Atl. Rep.* 623.

We are asked here to depart from our general rule as stated in the *Reed* case of not allowing costs because it is said that counsel for defendant were not altogether free from blame for the error which was committed by the trial judge and that they were slow to concede that reversible error had been committed. We have carefully examined the facts and the argument upon which the request is rested and fail to see any valid reason for granting it. We think it is clearly without merit.

The application for costs is, therefore, denied. Let the judgment of reversal contain the legend that costs are to abide the result of the re-trial.